**ABBOTT et. Plaintiffs-Appellees, v. TRUSCON STEEL CORPORATION et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3925.  Decided April 11, 1957.

Herschel Kriger, Canton, for plaintiffs-appellees.

Harrington, Huxley & Smith, Youngstown, for defendant, Truscon Steel Corporation.

William Saxbe, Atty. Genl., Eugene P. Everhart, Asst. Atty. Genl., Columbus, for defendant-appellant, Administrator, and Board of Review, Bureau of Unemployment Compensation.

## OPINION

By PHILLIPS, J.

This matter comes before us on plaintiffs' original and supplemental motions to dismiss the appeal of defendant, Administrator, Bureau of Unemployment Compensation.

On January 2, 1957, the court of common pleas reversed and vacated the decision of the Board of Review, Bureau of Unemployment Compenstation denying compensation to plaintiffs. On January 4, 1957, defendant, Truscon Steel Corporation filed a motion for new trial. On January 24, 1957, the trial judge overruled the motion for new trial. On February 13, 1957, defendant, Administrator, Bureau of Unemployment Compensation, filed his notice of appeal.

Plaintiffs claim in their original motion that the proceedings in the court of common pleas were not a de novo proceedings, and accordingly there is no sanction in law for the filing of a motion for new trial so as to extend the twenty day period for appeal from the judgment of January 2, 1957; and that this court has no jurisdiction to hear defendant's appeal from the order of January 24, 1957, overruling defendant, Truscon Steel Corporation's, motion for new trial, and accordingly should dismiss the appeal of the Administrator, Bureau of Unemployment Compensation.

Plaintiffs contend by supplemental motion that the appeal should be dismissed on the following grounds:—

"1. The Administrator, having originally held in favor of the claimants herein, is not an adverse party and is without standing to prosecute this appeal;

"2. The Board of Review has not appealed and, in any event, is without standing to prosecute this appeal;

"3. The employer has not appealed."

By supplemental oral motion made in open court plaintiffs contend that the Administrator did not in any event file a motion for a new trial, and in any event a motion for new trial was a nullity.

Sec. 4141.28 R. C., which governs, confers upon the court of common pleas only the right to review a determination of the Board of Review, Bureau of Unemployment Compensation. It does not empower that court to render an independent decision as in a de novo proceedings.

The statute qualifies and limits the word "appeal" to a consideration of the certified record filed by the Board of Review, Bureau of Unemployment Compensation.

In **1 O. Jur. (2d), Page 585, Section 192**, it is said:—

"New evidence is not permitted to be introduced where a statute provides for review 'upon the evidence contained in such record and no other evidence,' for an appeal to be heard 'upon such transcript and the evidence certified by the board,' or for a 'consideration of the record.' "

In **1 O. Jur. (2d), Page 587. Section 194**, it is said:—

"Where a statute provides for an 'appeal' from an administrative determination, to be heard upon a transcript of the administrative proceedings, the review is nothing more than an error proceeding and the trial court cannot hear the appeal de novo, * * *."

The proceedings in the court of common pleas was an appeal on questions of law, an error proceeding, and not an appeal on questions of law and fact, a proceeding de novo.

There is no statutory authority for filing a motion for a new trial from the appellate proceedings in the court of common pleas where that court was acting in an appellate capacity and no trial de novo was had.

Sec. 2321.17 R. C., provides in part:—

"A new trial is a re-examination, in the same court, of the issues after a final order, judgment, or decree by the court.

"A final order, judgment, or decree shall be vacated and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights: * * *."

Almost the identical question with which we struggle was presented to the Court of Appeals of Franklin County in the case of **Kromer v. Kear, 86 Oh Ap 309.** In the opinion written in that case the court said:—

"We are, therefore, of the opinion that the provisions of §12223-7 GC, with reference to the filing of notice of appeal within 20 days after the entry of an order overruling or sustaining a motion for a new trial, means a motion for a new trial in the trial court. Such provisions do not refer to a motion for a new trial in an appellate court, where the appeal is on questions of law only. Since the notice of appeal was not seasonably filed, the motion to dismiss will be sustained."

In the matter before us we conclude that the notice of appeal of defendant, Administrator, Bureau of Unemployment Compensation, was not filed within the statutorily provided time.

In 3 O. Jur. (2d), Page 133, Section 254, it is said:—

"The filing of the notice of appeal within the period of time provided by the statute is jurisdictional. If the notice is not filed within such time, the upper court cannot hear the appeal, it fails to be perfected, and it will be dismissed."

See also **State, ex rel. Curran v. Brookes, 142 Oh St 107; Daily v. Dowty, 52 Oh Ap 84; Andrews v. Ackerman Coal Co., 59 Oh Ap 65; Wainscott v. Young, 81 Oh Ap 21;** and **State, ex rel. Longman v. Welsh, 133 Oh St 244.**

While defendant's notice of appeal recites that the appeal is taken from the order of the court of common pleas overruling the motion for a new trial it is apparent from the face of the motion for new trial that defendant attacks the judgment of January second on the merits.

In distinguishing the case of **Roscoe v. Kolb, 93 Oh Ap 352,** from a list of cases cited therein, the court at page 357 said:—

"The motions, however, were filed in the Common Pleas Court, which under the situation existing in each of the cases was actually sitting in the role of an appellate or reviewing court. The Kromer case arose in the Municipal Court of Columbus; the McKee and Billman cases each arose in the court of a justice of the peace. There being no provision of law permitting the filing of such motion in a reviewing court, and such court being without power to consider the same, the filing was a

mere nullity, could not suspend the running of the time in which notice of appeal was required to be filed, and the appeals in those three cases were properly dismissed."

In the case we review the court of common pleas stands in the position of a reviewing court.

Having disposed of plaintiffs' motion on the grounds stated we believe it unnecessary to, and accordingly will not, pass upon all the grounds set forth in his motions.

Plaintiffs' motion to dismiss the appeal of defendant, Administrator, Bureau of Unemployment Compensation, is sustained, and the appeal is dismissed at defendant's costs.

NICHOLS, PJ, GRIFFITH, J, concur.