United Fireworks Mfg. Co., Inc., Appellant, *v.* Tichenor, Admr., Bureau of Unemployment Compensation, et al., Appellees.

(No. 2567—Decided February 18, 1960.)

*Mr. Frederick W. Howell,* for appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. Daniel T. Lehigh,* for appellees.

CRAWFORD, J. Plaintiff-appellant employer seeks to appeal on questions of law from a judgment and decision of the Court of Common Pleas which affirmed a decision of the Board of Review of the Ohio Bureau of Unemployment Compensation finding defendant-appellee, Rhoda Webb, employee, entitled to unemployment benefits.

Defendant-appellee, administrator, moves to dismiss the appeal for the reason that the notice of appeal was not filed within the 20 days after the judgment and decision of the Court of Common Pleas as provided by statute, Section 2505.07, Revised Code. Such provision is jurisdictional. 3 Ohio Jurisprudence (2d), 133, Appellate Review, Section 254. Plaintiff moves to strike this motion to dismiss.

The decision of the board was appealed to the Court of Common Pleas under the provisions of Section 4141.28, Revised Code. The entry in the Court of Common Pleas affirming the decision of the board was filed on April 22, 1959. On May 1, 1959, plaintiff filed a motion "for a rehearing and reconsideration of its decision rendered as of April 8, 1959." This obviously referred to the decision which was journalized on April 22nd. On October 10, 1959, the defendant-administrator filed what was designated a "motion in opposition to appellant's motion" but was actually a memorandum.

On October 28, 1959, a journal entry was filed affirming the decision of the board. This entry made no reference to plaintiff's motion nor to the administrator's "motion in opposition" to it. On November 12, 1959, plaintiff filed a notice of appeal from the judgment and decision rendered "on the 13th day of October, 1959." This obviously referred to a decision preceding the entry of October 28, 1959.

Defendant reasons that inasmuch as the Court of Common Pleas was acting in the capacity of an appellate court in an appeal on questions of law, there could be no motion for a new trial (and he construes the motion for reconsideration as the

equivalent of a motion for a new trial) ; that a motion for a new trial may be filed only in a trial court because in that forum alone may a new trial be afforded; that after judgment of the Court of Common Pleas affirming the decision of the board, plaintiff's only recourse is an appeal to this court; that therefore the attempt to file such a motion will not extend the period of 20 days after judgment during which a notice of appeal must be filed under the provisions of Section 2505.07, Revised Code.

This position appears to be fully supported by the cases of *Abbott* v. *Truscon Steel Corp.*, 78 Ohio Law Abs., 136, and *Kromer* v. *Kear*, 86 Ohio App., 309.

If the motion for reconsideration is not to be construed as a motion for a new trial, then it represents a procedure not authorized by law. It would be somewhat comparable to an application for rehearing in this court, which is likewise unknown to our law, and could not, if filed after a decision of this court is journalized, extend the time for appeal to the Supreme Court.

The entry of April 22, 1959, was a final order. It has never been vacated. It is therefore unaffected by the subsequent similar entry of October 28, 1959. The filing of the latter cannot extend the time for appeal from the judgment of April 22nd, from which judgment plaintiff would have had to appeal to obtain effective relief.

Defendant's motion to dismiss the appeal is sustained; and plaintiff's motion to strike the same is overruled.

*Appeal dismissed.*

WISEMAN, P. J., and KERNS, J., concur.