CALHOUN, APPELLANT, *v.*
OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

(No. 39961—Decided March 1, 1979.)

*Mr. Alexander Jurczenko,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Raymond A. Stegmeier* and *Mr. John A. Polito,* for appellee.

DAY, J. Calhoun (appellant) was initially allowed unemployment compensation. After state appeal the Board of Review[1] denied her claim. The latter decision was dated and mailed to appellant October 26, 1976.[2] On November 24, 1976, she filed a notice of appeal in the Court of Common Pleas and claims she mailed the notice to the Board of Review and to the administrator (appellee) on the same day. Appellant concedes that the envelope containing the notice of appeal mailed appellee was postmarked November 27, 1976, thirty-two days after decision. Thus, receipt could have been no earlier.

Appellee moved to dismiss the appeal which appellant attempted to lodge in the Court of Common Pleas. That Court granted the motion on March 2, 1977. Appellant moved for relief from judgment approximately one year later on February 21, 1978. Treating the motion as one for reconsideration, Common Pleas Court granted the motion. Upon reconsideration the dismissal was reinstated. Calhoun claimed

---

[1] The full title is Board of Review, Ohio Bureau of Employment Services.

[2] The mailing date by the Board is conceded arguendo and then argued as though the date were not established. No citations to the record accompany this claim; see App. R. 12(A) for the effect of omitting such record citations. Appellant argues that any irrebuttable presumption of actual notice flowing from the filing is offensive to the Due Process Clauses of the Fifth and Fourteenth Amendments.

the dismissal was error and filed a notice of appeal in this court. Her single assignment of error is set out in the margin.[3]

A motion for reconsideration does not toll the time for appeal. Therefore, the appeal was far out of rule. Ordinarily an out of rule appeal would simply result in a dismissal. However, the filing requisites at issue in this case are of sufficient importance to deserve explication—hence this opinion.

## I.

Appellant was out of rule on her appeal to the Common Pleas Court of Cuyahoga County, R. C. 4141.28(O).[4] The rule is jurisdictional, *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123, 127. Even if Civ. R. 60(B) provided a method of attack upon Common Pleas Court judgments on appeal from administrative judgments,[5] appellant makes no case for Rule 60(B) relief. And treating an ostensible 60(B) motion as a motion for reconsideration will not extend the appeal period, *cf. United Fireworks Mfg. Co.* v. *Tichenor* (1960), 113 Ohio App. 470, 472.

## II.

The Supreme Court of Ohio has held it "elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute." *Zier* v. *Bureau of Unemployment Compensation, supra.* And when the filing of notice of appeal by mail is permitted by statute, a deposit of the notice in the mail is not the equivalent of filing, *Townsend* v. *Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402; *cf. Fulton* v. *State, ex rel. General Motors Corp.* (1936), 130 Ohio St. 494, 499-500.

The mail deposit of the notice of appeal in the present case did not satisfy the filing requirements.[6]

---

[3] *Assignment of Error:*

"The Court of Common Pleas erred in reinstating dismissal of appellant's appeal from the Bureau of Employment Services after having granted reconsideration by improperly interpreting O.R.C. Section 4141.28(O) and ruling that appellant's appeal was not timely filed."

[4] In relevant part R. C. 4141.28(O) provides:

"***appeal shall be taken within***thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by registered mail to their last known post office address."

[5] Civ. R. 60(B) does not. See *Tozzi* v. *Bureau of Motor Vehicles,* unreported, Eighth Appellate District No. 37495, decided June 8, 1978.

[6] Appellant did not brief the possible effect of 4146- 13-01(B) but argues *Roppo* v.

## III.

Assuming without deciding that the appellant's constitutional claim (see note 2) has been properly preserved and raised, it avails her nothing on this appeal. The legislature may constitutionally provide that the appeal period begins to run with the mailing of the decision from which the appeal is taken, *Townsend* v. *Bd. of Bldg. Appeals, supra,* at 403-404.[7]

## IV.

If the appeal in this case were controlled by Ohio Adm. Code 4146-13-01(B),[8] it would still be out of rule. "Deemed to be filed" upon mailing, in 4146-13-01(B), is a relaxation of the rule that statutory filings permitted to be done by mail are complete only on receipt. Further relaxation would create enormous administrative difficulties without assisting the due process rights of any but dilatory appellants. Therefore, on the facts of this case, "deemed" is construed to create a conclusive, not *prima facie* filing date for purposes of appeal.[9] The relevant postmark (November 27, 1976) indicates that thirty-two days had elapsed since the date (October 26, 1976) the subject decision was mailed to the appellant. The crucial thirty-day interval for appeal began to run on the latter date. Thus, the appeal would not be saved by 4146-13-01(B) even if that regulation is applicable.

## V.

The assigned error is without merit.

*Judgment affirmed.*

CORRIGAN, C. J., and PRYATEL, J., concur.

---

*Bd. of Review,* unreported, Court of Common Pleas of Cuyahoga County No. 76-958, 964, decided in 1977. See IV, *infra.*

[7] It is unnecessary in the instant case to formulate a rule to cover the eventuality of an applicant not receiving a notice of decision *after* the applicable appeal period *or* not at all. But see *Knoll* v. *Dudley* (1969), 20 Ohio App. 2d 339, 343-344.

[8] "4146-13-01 Time of appeal; beginning of appeal period.
"* * * *

"(B) When Appeal, Request, or Application is Deemed to be Filed.

"An appeal, or application to institute further appeal, or other request, or application, shall be deemed to be filed with the Board on the date of receipt, where delivered to the Board or to any of the agencies or employees designated in 4146-5-01, by the person himself, or his representative, agent or messenger. *Filing shall be deemed to be completed on the postmarked date appearing on the enclosing envelope where filing is by mail."* (Emphasis supplied.)

[9] But see the reservation expressed in note 7, *supra.*