BOHACEK, Appellant, *v.* Admr., Bureau of Employment Services, et al., Appellees.

(No. 45090—Decided February 17, 1983.)

Mr. *Bruce P. Bogart,* for appellant.
Mr. *Anthony J. Celebrezze, Jr.,* at-

torney general, and *Mr. Q. Albert Corsi,* for appellee Administrator.

*Mr. Murtis H. Taylor,* for appellee Multi-Services, Inc.

PRYATEL, J. This is an appeal taken from a dismissal of plaintiff-appellant Eleanor Bohacek's appeal to the court of common pleas from a denial of her claim for unemployment compensation. The board of review denied her benefits on July 28, 1981 and appellant mailed a notice of appeal on August 26, 1981 which the board received on August 28, 1981. On September 14, 1981, appellee, Administrator of the Ohio Bureau of Employment Services, moved to dismiss the appeal for lack of jurisdiction.

The basis for appellee's motion was that the notice of appeal was not filed with the board of review within the thirty-day appeal period as required by R.C. 4141.28(O) since the board did not receive the notice until the thirty-first day. In her opposing brief, appellant argued that the motion was "filed" by the act of mailing on the twenty-ninth day of the appeal period (regardless of the date of receipt by the board).

Following a hearing, the court entered a judgment finding no merit in appellant's arguments opposing appellee's motion to dismiss and dismissed the case for lack of jurisdiction.[1]

On timely appeal to this court, appellant cites three assignments of error.

We will begin with the third assignment of error since it concerns which version of R.C. 4141.28(O) should be applied in the instant action.

Assignment of Error No. III

"III. The trial court erred in refusing to apply Ohio Revised Code Section 4141.28(O), as amended in 1981, to the within action."

Appellant filed her notice of appeal in the court of common pleas on August 26, 1981, and that same day mailed notice to the board, which received it on August 28, 1981. R.C. 4141.28(O) in effect on that latter date provided in pertinent part:

"Any interested party may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by registered mail to their last known post office address. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the clerk. All other interested parties before the board or the referee shall be made appellees. * * *"

---

[1] The judgment entry reads as follows:

"The Court finds:

"1.) Appellant has failed to comply w/[sic] the statute in effect at the time notice of Appeal was filed.

"2.) O.R.C. 4141.28(O) as amended has prospective application and is not retroactive.

"3.) O.R.C. section 4141.29(O) [sic] is constitutional.

"The Appellee, Ohio Bureau of Employment Services' motion to dismiss; therefore is hereby dismissed."

We note that, to make sense of the meaning of the last sentence above, the following terms must be supplied:

"The Appellee, Ohio Bureau of Employment Services' motion to dismiss [is well-taken]; therefore [this case] is hereby dismissed."

Accordingly, we construe the meaning of the judgment entry with the above omissions supplied, as consistent with the clear intent of the court.

The requirement of filing a notice of appeal with the board of review as a prerequisite to conferring jurisdiction upon the court of common pleas was specifically eliminated in the amended version of the same section of the above statute, effective on September 25, 1981, which provides in part:

"Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. *Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court.* Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal." (Emphasis added.)

Appellant argues that the amended version of the statute should apply to her case, since this statute is a remedial law which should be liberally construed in the interests of justice.

We disagree.

Under R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48 codifies prior Ohio case law to the same effect. See, *e.g., Smith* v. *Ohio Valley Ins. Co.* (1971), 27 Ohio St. 2d 268 [56 O.O.2d 160], at 276-277, where the court stated:

"As a general rule, a statute is prospective in its operation 'unless its terms show clearly an intention that it should operate retrospectively.' *Bernier* v. *Becker* (1881), 37 Ohio St. 72, 74; *Allen* v. *Russell* (1883), 39 Ohio St. 336, 339; *Cincinnati* v. *Seasongood* (1889), 46 Ohio St. 296, 304; *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges* (1900), 63 Ohio St. 339, 341; *Cowen* v. *State, ex rel. Donovan* (1920), 101 Ohio St. 387. No such clear intention appears herein."

Since the amendment to R.C. 4141.28 (O) contains no language indicating the intent of the legislature that this amendment should have retroactive application, we must presume that the legislature intended the amendment to have prospective application only.

Further, regarding the effect of an amendment to a statute, R.C. 1.58(A) provides:

"(A) The * * * amendment * * * of a statute does not * * *:

"* * *

"(4) Affect any * * * proceeding * * * in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the * * * proceeding * * * may be instituted, continued, or enforced, * * * as if the statute had not been repealed or amended."

An appeal from a denial of unemployment benefits is a statutory "proceeding" within the meaning of the above statute. See *Stough* v. *Indus. Comm.* (1944), 142 Ohio St. 446, paragraph two of the syllabus. Therefore, under R.C. 1.58, the amendment to R.C. 4141.28(O) effective September 25, 1981, did not affect any aspect of the proceedings in this case instituted prior to the effective date of the amendment.

Appellant's reliance on *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370], and *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290], is misplaced. Both these cases stand for the principle that where a trial occurs after the effective date of a procedural statute, that statute is "properly applied" to the proceedings *conducted* after the statute's adoption. Such a situation is readily distinguishable from the instant case, governing the manner of perfecting her administrative appeal rather than conducting the hearing after a proper appeal.

We hold that the pre-amended version of R.C. 4141.28(O) governs the filing of the notice of appeal in this action. Assignment of Error No. III is without merit.

We will now return to the discussion of appellant's first two assignments of error.

## Assignment of Error No. I

"I. The trial court erred in granting appellee's motion to dismiss appellant's appeal since appellant complied with all statutes in effect at the time the notice of appeal was filed."

Appellant argues that even if the pre-amended version of R.C. 4141.28(O) governs, she complied with the requisites of that statute since "filing" of the notice of appeal with the board of review (as required by statute) should be deemed complete upon mailing.

This court has addressed the identical issue in *Oravecz* v. *Bd. of Review* (May 14, 1981), Cuyahoga App. No. 42836, unreported, where we concluded at page 5:

"For a party to file a timely appeal, his notice of appeal must be *received* by the Board of Review within the thirty-day appeal period." (Emphasis *sic*.)

Accord, *Rodgers* v. *Campbell* (April 3, 1980), Cuyahoga App. No. 40394, unreported.

The record before us is undisputed that appellant's notice of appeal was received by the board of review on the thirty-first day after the mailing of the board's decision. Hence, we conclude that appellant failed to file a notice of appeal with the board within the thirty-day time limit.

Appellant also argues that Ohio Adm. Code 4146:13-01(B) (governing mailing of intra-administrative appeals) should be applied to this action. However, this regulation does not pertain to an appeal from the board of review to the court of common pleas under R.C. 4141.28(O). See *Oravecz, supra,* at pages 4-5, where this court rejected the same argument.

Accordingly, Assignment of Error No. I is hereby overruled.

## Assignment of Error No. II

"II. The trial court erred in ruling that Ohio Revised Code Section 4141.28 (O) is constitutional since the statute denies the appellant due process of law as required by both the Ohio and United States Constitution[s] due to the ambiguous and indefinite meaning of the within code section."

Under this assignment of error, appellant challenges the constitutionality of the pre-amended version of R.C. 4141.28 (O) with particular reference to the ambiguity of the words "filing" and "clerk," as denying her due process of law.[2]

Not every ambiguously worded statute is, *ipso facto,* void for vagueness as unconstitutional. The statute must first offend the Due Process Clause of the Fourteenth Amendment, such as a failure to give "fair warning" of unlawful conduct to the innocent; by its absence of "explicit standards" to avoid the evil of "arbitrary and discriminatory enforcement"; or by its encroachment upon one of the "freedoms" guaranteed by the First Amendment, by " 'inhibit[ing] the exercise of [those] freedoms.' " *Grayned* v. *City of Rockford* (1972), 408 U.S. 104, at 108, 109. We find none of these examples pertinent to the case at bar.

Nonetheless, even assuming *arguendo* that appellant has raised a valid constitutional challenge to R.C. 4141.28(O), by asserting that she has been in some way deprived of her "day in court" by fundamental unfairness in the wording of the statute, we find no merit to her argument that the meaning of the

---

[2] Under this same assignment, appellant also makes mention of being denied "equal protection" because the statute sets up one classification of entities (the court of common pleas and the board of review) for which "filing" is required, and another classification (the other parties to the action) for which notice by certified mail suffices. However, before appellant would be entitled to assert a denial of equal protection, she would first have to assert that she *herself* is a member of a group of persons whose classification under this law is in some way unequal and hence invidious.

word "filing" is either ambiguous or indefinite in the following sentence:

"Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by registered mail to their last known post office address."

Under R.C. 1.42, words and phrases in a statute are to be read in context, and "construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." The term "file" has a technical or specialized meaning within the legal world, in reference to the presentation of papers or documents to a court, administrative agency, office, or other official entity. The "generally accepted sense" of this word is "actual rather than constructive delivery * * * into the official custody and control (of the recipient)." *Fulton* v. *State, ex rel. General Motors Corp.* (1936), 130 Ohio St. 494 [5 O.O. 142], quoted in *Oravecz, supra,* where this generally accepted definition of "filing" is specifically applied to the usage of the word in R.C. 4141.28 (O). See, also, *Calhoun* v. *Bureau* (1979), 64 Ohio App. 2d 87 [18 O.O.3d 58], where this court stated that "when the filing of notice of appeal by mail is permitted by statute, a deposit of the notice in the mail *is not the equivalent of filing*" (*id.* at 88) (emphasis added), citing *Townsend* v. *Bd.*

*of Bldg. Appeals* (1976), 49 Ohio App. 2d 402 [3 O.O.3d 461].

This usual definition of the word "file" is also consistent with every other usage of a form of this word in the same subsection and other subsections of R.C. 4141.28. For example, after specifying the manner of perfecting an appeal, subsection (O) continues:

"Proof of the *filing* of such notice with the board shall be *filed* with the clerk. * * * The board upon written demand *filed* by an appellant shall within thirty days after the *filing* of such demand file with the clerk a certified transcript of the record of the proceedings before the board pertaining to the decision complained of, and the appeal shall be heard upon such record certified by the board. * * *"[3]

The only reasonable interpretation of the words "filing" and "filed" above is "actual delivery into official custody or files" and not (as appellant would argue) "deposit into the mails" (for receipt at some unknown future date).

This interpretation of "filing" is also consistent with subsection (I) of the statute cited by appellant (governing the procedure for "filing" an appeal or request for reconsideration from an intra-administrative decision).[4]

Where statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language will be regarded as conclusive. *United States* v. *Turkette* (1981), 452 U.S. 576. In such instances, the

---

[3] Appellant has also urged that the usage of the word "clerk" in the above-cited section of the statute is ambiguous. We fail to see any ambiguity in the usage of the word "clerk," which clearly designates the clerk of the court of common pleas in every instance where it appears in this section.

[4] "(I) Requests for reconsideration or appeals may be filed with the board, with the administrator or one of his deputies, with an employee of another state or federal agency, or

with an employee of the unemployment insurance commission of Canada charged with the duty of accepting claims. * * *"

Appellant's argument that because an intra-administrative appeal may be filed with "an employee of another state or federal agency," she may choose to "file" her notice of appeal under subsection (O) with the United States Postal Service confuses two sections of the same statute governing separate appeal processes.

64

statute will be applied as written without judicial amendment. *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101 [65 O.O.2d 296].

In the instant case, we find that appellant has failed to meet her burden of proving that the wording of R.C. 4141.28 (O) is either vague or indefinite, or has otherwise deprived her of due process of law.

Assignment of Error No. II is hereby overruled.

We affirm.

*Judgment affirmed.*

PARRINO, P.J., and JACKSON, J., concur.