## Great Northern Partnership
### v.
## Cuyahoga Co. Bd. of Revision
*[Cite as 5 AOA 135]*

*Case No. 57277*
*Cuyahoga County, (8th)*
*Decided July 19, 1990*

*Fred Siegel, Esq., Karen Bauernschmidt, Esq., Todd W. Sleggs, Esq., Fred Siegel Co., L.P.A., 906 Citizens Building, 850 Euclid Avenue, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Saundra Curtis-Patrick, Esq., Cuyahoga County Prosecutor, Courts Tower - Ninth Floor, 1200 Ontario Street, Cleveland, Ohio 44113, for Defen-dant-Appellee, Cuyahoga County Board of Revision and County Auditor,*

*Thomas A. Kondzer, Esq., Kolick & Kondzer, 24500 Center Ridge Road, Suite 175, Westlake, Ohio 44145, for Appellee, City of North Olmsted and North Olmsted Board of Education.*

STILLMAN, J.

Plaintiff Great Northern Partnership (hereafter referred to as "GNP") appeals from the dismissal of its tax appeal. As we find that GNP failed to timely meet the mandatory, jurisdictional requirements for perfecting its appeal, we affirm.

### I.

On March 31, 1987, the City of North Olmsted and the North Olmsted Board of Education (collectively referred to hereafter as "North Olmsted") filed a complaint with the Cuyahoga County Board of Revision (hereafter referred to as the "Board"), seeking an increase in the taxable value of Great Northern Mall. In response, GNP filed a counter-complaint which asserted that the tax valuation then in effect was correct, and that the common level of assessment should be decreased. Both matters were consolidated for hearing before the Board.

On July 20, 1987, the Board mailed decisions in both matters. On August 19, 1987, thirty days later, GNP filed a notice of appeal in the court of common pleas, and mailed a notice of appeal to the Board. It is undisputed that the Board received its notice of appeal on August 20, 1987, thirty-one days after the Board's decision was mailed.

North Olmsted subsequently moved to dismiss the appeal, asserting that the court of common pleas lacked jurisdiction due to GNP's failure to timely file a notice of appeal with the Board. The trial court granted this motion, and GNP now appeals, raising four assignments of error.[1]

### II.

"I. THE REQUIREMENT OF FILING A COPY OF A NOTICE OF APPEAL WITH A BOARD OF REVISION UNDER SECTION 5717.05 *OHIO REVISED CODE* IS SATISFIED WHEN THE BOARD IS SERVED WITH A COPY OF THE NOTICE OF APPEAL BY CERTIFIED MAIL.

"II. SERVICE OF A NOTICE OF APPEAL BY CERTIFIED MAIL FULFILLS

## THE NOTICE AND FILING REQUIREMENTS OF SECTION 5717.05 *OHIO REVISED* CODE."

Appeals from the Board of Revision to the court of common pleas are governed by R.C. 5717.05. The version of this statute in effect at the time GNP filed its notice of appeal provided in relevant part:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. *Such appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after the notice of the decision of the board is mailed as provided in section 5715. 20[2] of the Revised Code. The county auditor and all persons who were parties to the proceeding before the board,* other than the appellant filing the appeal in the court, *shall be made appellees, and notice of the appeal shall be served upon them by registered or certified mail unless waived.* The prosecuting attorney shall represent the auditor in such appeal. (Emphasis added.)

"***"

In both its first and second assignments of error, GNP contends that the requirement that notice of appeal be "filed" with the Board is met by the act of mailing the notice to the Board, within the appeal period. GNP advances a two-fold argument. First, GNP posits that the serving or mailing requirement modifies the filing requirement of R.C. 5717.05, such that serving or mailing the notice of appeal within the thirty-day period constitutes a filing. Secondly, GNP argues that the act of filing notice with the court of common pleas is sufficient to vest jurisdiction with the court. Both arguments lack merit.

With respect to the first, we note initially that the "filing" of a document is distinct from the "service" of a document in that "filing is not complete until the document is delivered and received," *Fulton v. State. ex rel. General Motors Corn.* (1936), 130 Ohio St. 494, "498 (citation omitted), and service can occur when the document is mailed to the proper party, at a proper location. Cf. Civ. R. 5(B). Similarly, the filing and service requirements of R.C. 5717.05 are not interrelated, but rather, mandate different actions, performed with respect to different entities. Accordingly, we hold that the requirement of R.C. 5717.05 that notice of appeal be filed with the Board within thirty days is not met by simply serving or mailing the notice within that time; full compliance requires that the notice be received by the Board within the thirty-day appeal period. Cf. *Bohacek v. Ohio Bur. of Emp. Services* (1983), 9 Ohio App. 3d 59, 62 (requirement of R.C. 4141.28(O) that notice of appeal to the court of common pleas be filed with the Unemployment Compensation Board of Review, within thirty days after the Board's decision is mailed, is satisfied where the Board *receives* notice during the thirty-day period); *Townsend v. Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402, 402 (in appeals from Board of Building Appeals to court of common pleas, pursuant to R.c. 119.12, act of depositing notice of appeal in the mail does not satisfy requirement that notice be filed with the Board).

With respect to GNP's argument that filing with the Board is not a jurisdictional requirement, we note that an appeal, the right of which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements. *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, paragraph one of the syllabus. Further, in *Bd. of Edn. of Mentor v. Bd. of Revision* (1980), 61 Ohio St. 2d 332, 334, the Supreme Court considered the former requirement of R.C. 5717.01, that in an appeal from the Board of Revision to the Board of Tax Appeals, a notice of appeal must be filed with the commissioner of tax equalization, the Board of Revision and the Board of Tax Appeals, and determined that failure to file a notice of appeal with the commissioner would deprive the Board of Tax Appeals of jurisdiction to consider the appeal. Accord *Austin Co. v. Cuyahoga Cty. Bd. of Revision* (1989), 46 Ohio St. 3d 192, 194 (Board of Tax Appeals is without jurisdiction to consider an appeal pursuant to R.C. 5717.01 where the appellant failed to timely file a notice of appeal with the Board of Revision).

Applying the foregoing we hold that failure to timely file notice of an appeal, pursuant to R.C. 5717.05, with the Board of Revision deprives the court of common pleas of jurisdiction. Cf. *The George Whalley Co. v. Cuyahoga Cty. Bd. of Revision* (Nov. 21, 1984), Cuyahoga App. Nos. 47890, 47984, unreported (requirement in R.C. 5717.05 that notice of appeal be served upon the county auditor, and that he be made a party to

the appeal is jurisdiction and failure to so serve and join the auditor mandates dismissal).

In accordance with the foregoing, GNP's first and second assignments of error are overruled.

### III.
### "III. THE FILING OF A NOTICE OF APPEAL WITH A BOARD OF REVISION IS A PROCEDURAL REQUIREMENT."

As we noted previously, the filing of a notice of appeal with the Board is jurisdictional, and not merely procedural. Cf. *Bd. of Edn. of Mentor v. Bd. of Revision, supra; Austin Co. v. Cuyahoga Cty. Bd. of Revision, supra; The George Whalley Co. v. Cuyahoga Cty. Bd. of Revision, supra.* Accordingly, this assignment of error lacks merit.

### IV.
### "IV. CIVIL RULE 6(E) EXTENDS THE TIME FOR FILING AN APPEAL UNDER SECTION 5717.05 *OHIO REVISED CODE* BY THREE DAYS."

· Civ. R. 6(E) provides:

"Time: Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4 through Rule 4.6."

Civ. R. 1 states, with respect to the applicability of the Civil Rules:

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.
"***

"(C) Exceptions. These rules, *to the extent that they would by their nature be clearly inapplicable,* shall not apply to procedure (1) *upon appeal to review any judgment. order or ruling,* *** (7) in all other *special statutory proceedings;* provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." (Emphasis added.)

Civ. R. 82 in turn provides:

"These rules shall not be construed to extend or limit the jurisdiction of the courts of this state."

Applying the foregoing, we note that because the thirty-day appeal period of R.C. 5717.05 is jurisdictional, *Bd. of Edn. of Mentor v. Bd. of Revision, supra,* Civ. R. 6(E) cannot be applied to extend it. Accord *Proctor v. Giles* (1980), 61 Ohio St. 2d 211, syllabus (Civ. R. 82 prohibits application of Civ. R. 6(E) to the appeal period set forth in R.C. 4141.28(O), as this appeal period is jurisdictional).

For the foregoing reasons, the judgment of the court of common pleas which dismissed GNP's tax appeal is hereby affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the *Common Pleas* Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

*Judgment affirmed.*

MATIA, P.J., and WALKER, J., concur.

Judge Saul G. Stillman, Retired, of the Eighth District Court of Appeals, and Judge Robert D. Walker, Retired, of the Hancock County Common Pleas Court, sitting by assignment.

---

[1] In its statement of the assignments of error, GNP lists seven errors. In its brief, GNP argues four different errors. We shall address only the latter, in accordance with App. R. 12(A).

[2] R.C. 5715.20 in turn requires that the Board send notice of its decisions by certified mail.