SAMS, APPELLANT, *v.* OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. 45837—Decided July 11, 1983.)

*Ms. Sheila Tew,* for appellant.

*Mr. Q. Albert Corsi,* for appellee Administrator of the Ohio Bureau of Employment Services.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Lisa E. Pizza,* for appellee Ohio Lottery Commission.

PARRINO, P.J. Geraldine Sams tendered her resignation from the Ohio Lottery Commission on May 13, 1981. She then filed for unemployment compensation benefits which were denied. On November 12, 1981, the Administrator of the Ohio Bureau of Employment Services ("OBES") mailed its decision on reconsideration which stated that Sams had quit without cause and was therefore not entitled to benefits. The referee's decision arriving at the same conclusion was mailed February 10, 1982. Sams filed a timely application for institution of further appeal with the Board of Review February 24, 1982. The board's decision disallowing further appeal was mailed April 1, 1982. On April 21, 1982, Sams filed a notice of appeal from the Board of Review's decision with the Cuyahoga County Court of Common Pleas. Proof of service by certified mail upon the Ohio Lottery Commission (April 22, 1982) and upon the administrator (April 23, 1982) were filed with the court April 30, 1982.

When no transcript from the Board of Review was forthcoming, Sams filed a motion for sanctions and requested an extension of time for the filing of her assignments of error (June 11, 1982). Shortly thereafter the administrator filed a motion to dismiss the appeal for failure to comply with R.C. 4141.28(O), *i.e.,* failure to serve the Board of Review with the notice of appeal. While these motions were pending, Sams served the Board of Review with notice (June 28, 1982). The board filed the transcript July 29, 1982. On August 13, 1982, the trial court granted the administrator's motion to dismiss in a journal entry which stated:

"Motion of Administrator, Ohio Bureau of Employment services [*sic*] to Dismiss Appeal, *granted* (on authority of *In re Claim of King,* 62 Ohio St. 2d 87 [16 O.O.3d 73])." (Emphasis *sic.*)

On timely appeal to this court, Sams (hereinafter "appellant"), assigns two errors for review:

"1. The trial court erred in dismissing appellant's administrative appeal on the authority of the case cited in its Journal Entry, *In re Claim of King,* 62 Ohio St. 2d 87 [16 O.O.3d 73], 403 N.E. 2d 200 (1980).

"2. If the trial court's dismissal of appellant's administrative appeal was an exercise of discretion, such dismissal was an abuse of discretion."

I

The premise of appellant's position is that the amended version of R.C. 4141.28(O), effective September 25, 1981, should apply to her appeal and that *In re Claim of King* (1980), 62 Ohio St. 2d 87 [16 O.O.3d 73], is an interpretation of the statute prior to the amendment which is

inapplicable to the amended version. The administrator (hereinafter "appellee") argues that the change in R.C. 4141.28(O) is a substantive change and should apply only to cases where the cause of action accrued after September 25, 1981. Appellee's position, therefore, is that the trial court properly relied upon *In re Claim of King, supra,* and the dismissal is proper as failure to file a copy of the notice of appeal with the Board of Review within thirty days is a jurisdictional defect under the prior version of the statute.

We find the appellant's position well-taken and hold that the amended version of R.C. 4141.28(O) applies to all appeals timely filed with the court on or after September 25, 1981.

Prior to amendment, R.C. 4141.28(O) provided in pertinent part:

"Any interested party may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. *Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by certified mail* to their last known post office address. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the clerk. All other interested parties before the board or the referee shall be made appellees. The board upon written demand filed by an appellant shall within thirty days after the filing of such demand file with the clerk a certified transcript of the record of the proceedings before the board pertaining to the decision complained of, and the ap-

peal shall be heard upon such record certified by the board." (Emphasis added.)

It was in interpreting this statute that the Ohio Supreme Court held that strict adherence to the statutory condition of serving notice upon all interested parties was a jurisdictional prerequisite for appeal to the court of common pleas. *In re Claim of King, supra.*

The amended statute, however, specifically limits the jurisdictional prerequisite to timely filing a notice of appeal with the court of common pleas. In pertinent part the amended statute reads:

"Any interested party as defined in division (I) of section 4141.01 of the Revised Code may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. The board shall provide on its decision the names and addresses of all interested parties. *Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court.* Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal. Such notice of appeal shall set forth the decision appealed from. The appellant shall mail a copy of the notice of appeal to the board and to all interested parties by certified mail to their last known post office address and proof of the mailing of the notice shall be filed with the clerk within thirty days of filing the notice of appeal. All interested parties

shall be made appellees." (Emphasis added.)

It is clear that failure to serve the board is no longer a jurisdictional requirement, although such action is still required.

In *Bohacek* v. *Ohio Bur. of Emp. Services* (1983), 9 Ohio App. 3d 59, this court addressed the application of the amended version of R.C. 4141.28(O) to an appeal filed with the court of common pleas on August 26, 1981 and held that such appeal was governed by the prior version of the statute as the appeal was instituted before the effective date of the amendment. This is consistent with the provisions of R.C. 1.58.[1]

The instant case is readily distinguishable from the facts of *Bohacek* in that appellant's right to appeal the decision of the Board of Review did not arise until the board disallowed her application to institute further administrative appeal on April 1, 1982. Application of the statute as amended does not violate the principle of non-retroactive application of statutes as this is a prospective application. Both the filing of the appeal and the decision from which the appeal was taken occurred after the effective date of the amendment.

Therefore, the trial court's reliance on *In re Claim of King, supra,* was misplaced. Failure to timely notice the board is not jurisdictional under the amended statute. Appellant's first assignment of error is sustained.

## II

Although the amended statute eliminates notice to the Board of Review as a jurisdictional requirement, such notice is still required. The amended statute provides that:

"Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal."

It is not contested that one of the steps appellant is to take is to mail a copy of the notice of appeal to the board within thirty days of the filing of the notice of appeal; it is also uncontested that a copy of the notice was mailed to the board more than thirty days after the filing.

Dismissal of an appeal is a severe sanction and should be imposed only where, in the sound exercise of its discretion, the trial court determines a severe sanction is appropriate. In the instant case, the trial court did not view appellant's failure to timely notice the board in this light; the court's decision was based on a jurisdictional defect under an interpretation of the prior statute.

We decline to determine at this stage whether dismissal under the facts where the amended statute is applied would be an abuse of discretion as the trial court has not yet made a discretionary decision. This assignment of error is not yet ripe for review.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

MARKUS and PRYATEL, JJ., concur.

---

[1] In pertinent part, R.C. 1.58 reads:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"* * *

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended."