MOORE, APPELLANT, *v.* OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. CA 1189—Decided August 31, 1983.)

*Mr. Michael A. Kennedy* and *Clermont County Legal Aid Society,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Richard Lippert,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County, Ohio.

On May 20, 1981, the Ohio Bureau of Employment Services denied appellant's (Melanie S. Moore's) claim set forth in her application for determination of benefits filed May 6. Appellant's request for reconsideration was denied on August 11 and the referee upheld the denial on September 16. On October 28, the Board of Review of the Ohio Bureau of Employment Services denied appellant's application to institute further appeal.

On November 25, 1981, appellant prosecuted her appeal to the Court of Common Pleas of Clermont County. Simultaneously, she filed proof that she had sent copies of the notice of appeal to all interested parties, pursuant to R.C. 4141.28(O), except the Board of Review. Although the record does not so reflect, appellant claims that she perfected service upon the Board of Review on January 20, 1982. However, whether such service was or was not made on January 20, 1982, is not relevant to this decision inasmuch as service was not made within thirty days after notice of the decision of the Board of Review was mailed.

The trial court held:

"* * * that the statutory procedure for unemployment appeals is the procedure which was in existence at the time the initial claim for benefits was filed.

"Since the Appellant's Notice of Appeal to this Court was not timely filed with the Board of Review, this Court finds that it has no jurisdiction to hear the instant appeal.

"The instant appeal is therefore dismissed."

Appellant's single assignment of error is as follows:

"The Common Pleas Court erred in sustaining the decision of the Board of Review."

The question presented is whether the statutory procedure for unemployment appeals, R.C. 4141.28(O), as amended September 25, 1981, is procedural and remedial in nature allowing retroactive application, or substantive, thereby requiring prospective application.

Prior to September 25, 1981, R.C. 4141.28(O) provided in part:

"Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by certified mail to their last known post office address."

On September 25, 1981, R.C. 4141.28(O) was amended to provide:

"* * * Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court. Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal * * *."

Section 28, Article II of the Ohio Constitution provides in part that "* * * [t]he general assembly shall have no power to pass retroactive laws * * *." That constitutional proscription was codified in R.C. 1.48 which provides that: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Construing such section, the weight of authority is that a statute which affects procedural rights rather than substantive rights may be applied to causes of action

arising prior to the statute's effective date but tried thereafter. *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290]. Section 28, Article II has no application to laws of a *remedial* nature providing rules of practice, courses of procedure, or methods of review. *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O. 2d 370] ("long-arm" statutes); *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100 (comparative negligence statute).

In *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175 [40 O.O.2d 162], the Ohio Supreme Court stated at 178:

"It is doubtful if a perfect definition of 'substantive law' or 'procedural or remedial law' could be devised. However, the authorities agree that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress." (Citations omitted.)

Through analysis, if a statute is found to be procedural or remedial by providing rules of practice, courses of procedure, or methods of review, the statute is applicable to any proceedings conducted after its adoption.

Statutes providing for appeals, for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of the right to appeal. *Van Meter* v. *Segal-Shadel Co.* (1966), 5 Ohio St. 2d 185 [34 O.O.2d 345], paragraph one of the syllabus. Thus, R.C. 1.11 provides:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice."

R.C. 4141.28(O) is remedial and procedural. It merely prescribes methods of obtaining redress through appellate procedure. It does not create, modify or diminish rights, duties or obligations between employers or employees that existed prior to the effective date of the statute. Otherwise stated, the revision of R.C. 4141.28(O) did not change any accrued rights, it merely changed the remedy for enforcement of such rights.

"We deal here not with the substantive right to seek and be awarded compensation, but the procedure by which such claims are effectuated." *Morgan* v. *Western Electric Co.* (1982), 69 Ohio St. 2d 278, 280 [23 O.O.3d 271].[1]

Other courts of appeals in this state have considered the issue presented here and, in well-written opinions, have determined that the relevant amendment affected the jurisdiction of the common pleas court to review this class of cases and have applied the statute prospectively. Those courts of appeals concluded that appeals taken to the common pleas court from a decision of the Board of Review where the claim arose prior to the amendment were governed by the service and notice provisions in effect at the time the claim arose. This court has not found such rationale persuasive in the cause before us and, consequently, our decision herein will be in conflict with *McCallister* v. *Board of Review* (April 9, 1982), Montgomery App. No. 7575, unreported, and *Sterling Milk Co.* v. *Miller* (May 14, 1982), Fulton App. No. 20861, unreported, and will necessarily be certified to the Supreme Court for resolution of the conflict.

The legislative revision of R.C. 4141.28(O) modified the requirements the aggrieved party had to meet in order to vest jurisdiction on appeal to the common pleas court. The amendment diminishes the possibility that an appealing party in such proceedings will be denied review upon jurisdictional questions.

---

[1] In so holding, we note that we follow the traditional rule on the applicability of a procedural rule which conforms to Civ. R. 86(A). See *Denicola, supra,* fn. 3, at 118.

In summary, the relative portion of the amended R.C. 4141.28(O) is remedial and procedural and requires retroactive application. The amended version of the statute will be applied to all proceedings pending at the time the amendment became effective. As appellant's appeal to the court below was pending on September 25, 1981, the effective date of the amendment, and as appellant complied with the new appellate procedure, the trial court improperly dismissed appellant's appeal to that court. Accordingly, appellant's assignment of error is well-taken.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

KOEHLER and NICHOLS, JJ., concur.

HENDRICKSON, P.J., dissents.

NICHOLS, J., of the Court of Common Pleas of Madison County, was assigned to the Twelfth Appellate District in accordance with Section 5(A)(3), Article IV, Constitution.