KIRK, APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLANTS.

(No. 47998—Decided November 5, 1984.)

*Kenneth A. Blech,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Q. Albert Corsi,* for appellants.

PRYATEL, J. The Administrator, Ohio Bureau of Employment Services, appeals from the court of common pleas' reversal of the decision to deny unemployment benefits to appellee Frank Kirk.

The final administrative decision denying benefits to Kirk was made on February 3, 1982. Kirk filed a notice of appeal, naming the administrator as appellee, with the common pleas court on March 4, 1982, but he did not serve the administrator, the board of review, or his former employer with notice of the appeal.

The administrator filed a letter with the court on April 23, 1982, naming the attorney who would represent the administrator. Thereafter (on September 24, 1982), the administrator filed a motion to dismiss the appeal, on the ground that neither the board of review nor the employer was served with a copy of the notice of appeal. According to the docket, on October 5, 1982, Kirk filed a motion for leave to amend his complaint. The amended complaint added as appellees the board of review and his former employer. At this time, Kirk's lawyer certified that all parties were served with notice of the appeal.

The trial court denied the administrator's motion to dismiss and

granted Kirk's motion for leave to amend his complaint. This journal entry, filed May 16, 1983, also ordered the transcript to be filed with the court. The board of review apparently was unable to file the transcript due to Kirk's failure to timely notify the board of the appeal. The trial court reversed the board's decision because "the failure to file the transcript from the administrative hearing prevents this court from ruling on the merits of the appeal."

The administrator, the board, and the employer appeal, citing one assignment of error for review.

### Assignment of Error

"The common pleas court erred in ordering the decision of the Unemployment Compensation Board of Review (board) reversed for the board's failure to file a transcript from the administrative proceedings, where such failure resulted solely from claimant Kirk's failure to notify the board of his appeal to the common pleas court."

Appellants argue that Kirk failed to properly follow the statutory procedure for appeals to the court of common pleas; therefore, the court committed prejudicial error in reversing the board's decision on the ground that it failed to file the transcript. The statutory procedure for appeals to the court of common pleas is set forth in R.C. 4141. 28(O), which provides in relevant part as follows:

"Any interested party as defined in division (I) of section 4141.01 of the Revised Code may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. The board shall provide on its decision the names and addresses of all interested parties. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court. *Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal.* Such notice of appeal shall set forth the decision appealed from. *The appellant shall mail a copy of the notice of appeal to the board* and to all interested parties by certified mail to their last known post office address and proof of the mailing of the notice shall be filed with the clerk within thirty days of filing the notice of appeal. All interested parties shall be made appellees. *The board upon receipt of the notice of appeal shall within thirty days file with the clerk a certified transcript of the record of the proceedings before the board* pertaining to the decision complained of, and mail a copy of the transcript to the appellant's attorney or to the appellant if not represented by counsel. * * *" (Emphasis added.)

This court has recently ruled that although failure to serve the board is no longer a jurisdictional requirement, such service is still a required action under the statute. *Sams* v. *Ohio Bur. of Emp. Services* (1983), 10 Ohio App. 3d 204, 206.[1]

In *Sams*, this court only reached the

---

[1] R.C. 4141.28(O) was recently amended to read as quoted above. Prior to September 25, 1981, R.C. 4141.28(O) mandated that *all* interested parties to the appeal be served with notice of such appeal; otherwise, the court of common pleas was without jurisdiction to hear the appeal. See *Sams, supra,* at 205.

issue whether serving the board was a jurisdictional requirement. It declined to determine what sanctions could be imposed for failure to serve the board with notice of appeal.

Certainly a claimant should not be rewarded with a reversal in his favor after an unwarranted delay in notifying the board of an appeal, resulting in the board's inability to file a transcript. As R.C. 4141.28(O) in pertinent part provides:

"* * * The appellant *shall* mail a copy of the notice of appeal to the board * * *. The board *upon receipt of the notice of appeal* shall within thirty days file with the clerk a certified transcript of the record * * *." (Emphasis added.)

The statute makes it clear that the board has no duty to file the transcript until it receives the notice of the appeal. In the case at bar, Kirk served the board with such notice on October 5, 1982, eight months after the final decision. Apparently, the board, pursuant to its regulations, retains a transcript for six months after the final decision. The transcript is then destroyed to reduce storage and cassette tape costs. R.C. 4141.28(O), *supra,* requires the claimant to file an appeal to the court of common pleas within thirty days of the final decision. The statute was amended to prevent the harsh result of automatic dismissal whenever a claimant failed to file notice of the appeal with all interested parties within thirty days. However, we hold that a delay of eight months in filing such notice with the board is too long to require the board to furnish a transcript. While failure to timely serve the notice of appeal with the board may or may not result in a dismissal, the claimant has the responsibility to justify his delay in timely serving the board and thereby allowing it to file the transcript.

Appellants' assignment of error is sustained. The judgment is reversed, and the cause is remanded to the court of common pleas for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

CORRIGAN, C.J., and MARKUS, J., concur.