JOHNSON ET AL., APPELLANTS, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES.

[Cite as Johnson *v.* Ohio Bur. of Emp. Services (1988), 40 Ohio St. 3d 365.]

(No. 87-1956—Submitted November 1, 1988—Decided December 30, 1988.)
(Rehearing granted March 29, 1989.)

*Thompson, Hine & Flory, Richard V. Whelan, Jr., Michael J. Frantz* and *Glenn R. Schmitt,* for appellee Ashtabula County Medical Center.

*Stewart Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* urging reversal for *amici curiae,* Ohio AFL-CIO and United Autoworkers.

WRIGHT, J. The central issue on appeal is whether the court of common pleas below was vested with jurisdiction to review the claims of all the appellants whose claims to unemployment compensation had been denied by the board. We agree with the court of appeals that the trial court's jurisdiction was limited to the claims of those appellants who actually appealed the board's rulings. Accordingly, we affirm.

The procedure for appealing a decision of the Unemployment Compensation Board of Review to the court of common pleas is set forth in R.C. 4141.28(O). At the outset, we must determine which version of R.C. 4141.28(O) is applicable in the instant case. The court of appeals quoted the statute in effect prior to September 25, 1981, when significant amendments were made thereto (139 Ohio Laws, Part I, 1995, 2004-2005). Appellants' arguments here are premised upon the view that the amended version should have prevailed. ACMC concedes that the court of appeals should have applied the amended version. We agree with the parties on this threshold issue and hold that R.C. 4141.28(O), as amended effective September 25, 1981, provides the controlling law as to this action.

The events which gave rise to this

*Thomas L. Sartini,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sharon D. Tassie,* for appellee administrator.

controversy occurred in the summer and fall of 1980 when the hospital was closed and appellants were laid off. Appellants filed claims for weekly benefits for several weeks. All these claims were denied by the Administrator of OBES in various determinations dated between August 11, 1980 and September 10, 1980. Appellants' requests for reconsideration throughout this period were, with certain exceptions, certified to the board as appeals on November 14, 1980. However, it was not until March 22, 1984 that a hearing on these appeals was held before a referee assigned by the board, and the board's decisions on the appeals were not issued until April 10, 1984 and October 16, 1984.[2] Appellants appealed to the court of common pleas on November 14, 1984.

It is apparent that in appealing the board's decisions of April 10, 1984 and October 16, 1984, appellants were required to follow the procedure set forth in the amended version of R.C. 4141.28(O) effective September 25, 1981. Since appellants' claims for unemployment compensation arose prior to September 25, 1981, we must determine whether this holding calls for impermissible retroactive application of the statute. Following the analysis set forth in *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, we first find

that amended R.C. 4141.28(O) on its face applies to appeals filed after September 25, 1981, including appeals from board decisions rendered before that date.[3] On the question of whether this is unconstitutional retroactive legislation, we adopt the analysis set forth in *Moore* v. *Ohio Bur. of Emp. Services* (1983), 12 Ohio App. 3d 31, 12 OBR 118, 465 N.E. 2d 1348.[4] In *Moore,* the court held that amended R.C. 4141.28 (O) applied to an appeal from the board taken after September 25, 1981, despite the fact that the initial claim for benefits was filed before that date. In finding that this holding would not conflict with Section 28, Article II of the Ohio Constitution, the court reasoned:

"R.C. 4141.28(O) is remedial and procedural. It merely prescribes methods of obtaining redress through appellate procedure. It does not create, modify or diminish rights, duties or obligations between employers or employees that existed prior to the effective date of the statute. Otherwise stated, the revision of R.C. 4141.28(O) did not change any accrued rights, it merely changed the remedy for enforcement of such rights." *Id.* at 33, 12 OBR at 120, 465 N.E. 2d at 1350. See, also, *Sams* v. *Ohio Bur. of Emp. Services* (1983), 10 Ohio App. 3d 204, 10 OBR 277, 461 N.E. 2d 309.

Having determined the amended

---

[2] See fn. 1, *supra.*

[3] Notably this case does not call for application of amended R.C. 4141.28(O) to an appeal filed in the court of common pleas before September 25, 1981. See *Bohacek* v. *Ohio Bur. of Emp. Services* (1983), 9 Ohio App. 3d 59, 60-61, 9 OBR 78, 79-80, 458 N.E. 2d 408, 410-411.

[4] In *Moore,* the claimant's application for benefits was denied on May 20, 1981. Following a denial of the claimant's request for reconsideration and a referee's decision

to uphold the denial of benefits, the board, on October 28, 1981, denied the claimant's application to institute further appeal. On November 25, 1981, the claimant appealed to the court of common pleas, and a dispute arose over whether in that appeal the claimant was required to follow the earlier version of R.C. 4141.28(O) or the amended version effective September 25, 1981. The trial court held that the statutory procedure in effect when the initial claim for benefits was filed controlled the claimant's appeal. The court of appeals reversed.

version of R.C. 4141.28(O) controlled appellants' appeal, we now consider whether appellants were denied equal protection and due process by the court of appeals' quotation of and evident reliance upon the prior version. ACMC argues that the court of appeals did apply the amended version and that its quotation of the prior version was simply the result of inadvertence. This argument draws strong support from the record below, as both sides quoted at length the amended version of R.C. 4141.28(O) in their briefs filed in the court of appeals. However, because the court's opinion does quote the prior version, we must assume at least for purposes of appellants' arguments that the lower court did rely on the prior version. Thus, the dispositive question is whether the court of appeals' judgment would have been different had the amended version been quoted and relied upon. Resolution of this question requires first that we set forth and compare the two versions of the statute.[5]

Prior to September 25, 1981, R.C. 4141.28(O) provided in pertinent part:

"Any interested party may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas, with the board, and upon all appellees by certified mail to their last known post office address. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. * * *" (139 Ohio Laws, Part I, 1297, 1364, 1373.)

Effective September 25, 1981, R.C. 4141.28(O) provides in pertinent part:

"Any interested party as defined in division (I) of section 4141.01 of the Revised Code may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. The board shall provide on its decision the names and addresses of all interested parties. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court. Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal. * * *"[6]

While appellants are correct in

---

[5] For the record, we note that R.C. 4141.28 has been amended several times since 1981, the most recent version becoming effective October 1, 1988. However, there have been no changes in division (O), which went into effect on September 25, 1981.

[6] The General Assembly did not alter the standard of review to be applied by the court of common pleas. That standard is identical in both the prior and amended versions of R.C. 4141.28(O), and remains the same in the current version:

"If the court finds that the decision was

their assertion that there are significant differences between the two versions of the statute, we believe the amended statute in no way expanded the jurisdiction of the court of common pleas over appeals not filed. We note the statute does provide that the filing of a notice of appeal with the clerk of the court of common pleas "shall be the only act required to perfect the appeal and vest jurisdiction in the court." However, contrary to appellants' argument, this provision does not allow the filing of an appeal by one claimant to vest jurisdiction in the court over the claims of all others whose claims arose in the same factual context. Ohio AFL-CIO and United Autoworkers, as *amici curiae*, suggest that an individual who does not want to appeal the board's decision must take some affirmative step to prevent the court of common pleas from exercising jurisdiction over his claim. This proposition defies both law and logic and must be rejected.

The statute refers to a notice of appeal filed "by the appellant," and implicit in both the prior and amended versions of the statute is the requirement that each claimant must file his or her own notice of appeal. As we reaffirmed in *Hansford* v. *Steinbacher* (1987), 33 Ohio St. 3d 72, 514 N.E. 2d 1385, 1386: "[W]here a right of appeal is conferred by statute the appeal can only be perfected in the mode prescribed by that statute." R.C. 4141.28(O) simply does not authorize the filing of an appeal as a class action. Moreover, to find that it does would render meaningless R.C. 4141.28(P), which specifically allows appeal on behalf of a group by an agent. Thus, we find that under either version of the statute the trial court's jurisdiction was limited to the claims of the forty-one appellants who actually did appeal. Accordingly, the court of appeals' quotation of the former statute did not deny appellants due process or equal protection of the law.

Appellants also claim that those who appealed the board's decision and were listed in the "Notice of Appeal and Class Action Complaint" were the agents of those who had not appealed and were not so listed. R.C. 4141.28 (P), which has remained unchanged throughout this controversy, provides:

"Any application for reconsideration, any appeal from a decision on reconsideration of the determination of the administrator, application to institute a further appeal, and any notice of intention to appeal the decision or order of the board to a court of common pleas may be executed in behalf of any party or any group of claimants by an agent."

Forty-one claimants were listed in the caption of the "Notice of Appeal and Class Action Complaint," and the first claim stated: "Plaintiffs-appellants bring this action on behalf of themselves and all other[s] similarly situated. The total claimants number approximately 185 and it is therefore impracticable to bring them all before the Court; there are questions of law or fact presented by this appeal which are common to the entire class of persons; the claims of plaintiffs-appellants are typical of the claims of the class and the plaintiffs-appellants will fairly and adequately protect the interests of the class."

While R.C. 4141.28(P) authorizes appeal by a designated agent of a group of claimants, we believe that in-

---

unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judg-

ment in accordance with such modification; otherwise such court shall affirm such decision."

vocation of that provision requires more than a rote recitation of the prerequisites to prosecuting a class action under Civ. R. 23. The prosecution of an appeal by an agent under R.C. 4141.28 (P) requires clear identification of the individual(s) represented and a clear indication of the agent's authority to prosecute the appeal. As Judge Ford noted in his concurring opinion below, the claimants who were not listed failed to "reflect a proper designation of a party as agent to execute the appeal in their behalf pursuant to R.C. 4141.28(P)." Appellants' assertions that "there is no difficulty in determining the exact number and identity" of the claimants affected by the board's decisions, and that the named individuals appealed on behalf of "all other[s] similarly situated," simply fall short of the mark.

In reaching this conclusion, we do not ignore appellants' concern that claimants not be denied unemployment compensation which they are legally entitled to receive. Indeed, the unemployment compensation statutes are to be liberally construed in favor of the persons to be benefited. R.C. 4141.46. We agree with Judge Ford that if one hundred thousand employees were affected by a given strike or lockout it would be "inane" to require inclusion of all one hundred thousand employees' names in the caption of the notice of appeal. In such a situation R.C. 4141.28(N) would apply, there being more than five hundred claimants similarly situated, and the chairman of the board of review, following joint certification by the administrator and the chairman, would select one such claim, as a representative claim, assign it for a hearing, issue a board decision, and certify that decision directly to this court for review. Where R.C. 4141.28(N) does not apply, R.C. 4141.28(P) is available,

permitting a group of claimants to authorize an agent to execute an appeal on its behalf. However, in applying division (P) we will not infer an agency relationship where claimants who elect not to appeal themselves have also made no indication that they have authorized an agent to appeal on their behalf.

In summary, we hold that neither R.C. 4141.28(O) nor 4141.28(P) contemplates a "class action" appeal such as that purportedly filed by appellants. Clearly, R.C. 4141.28(O) vests jurisdiction over only those claimants who actually file appeals with the court of common pleas. Appeal by an agent under R.C. 4141.28(P) requires identification of the individuals represented and an indication of the agency relationship, both of which were lacking in this case. Thus, we find that the court of common pleas below did not have jurisdiction over the claims of those appellants who did not actually appeal the board's decision.

There has been no appeal to this court of the lower courts' disposition of the claims of those appellants who actually did appeal. Thus we express no opinion on the merits of those claims.

Accordingly, the judgment of the court of appeals is affirmed as to the jurisdictional issue.

*Judgment affirmed.*

MOYER, C.J., LOCHER and HOLMES, JJ., concur.

SWEENEY, DOUGLAS and H. BROWN, JJ., concur in part and dissent in part.

H. BROWN, J., concurring in part and dissenting in part. I respectfully dissent because the notice of appeal at issue satisfies the requirements of R.C. 4141.28(O) and was executed in behalf

of all one hundred eighty-five claimants, in conformity with R.C. 4141.28 (P). Consequently, the court of common pleas had jurisdiction over all one hundred eighty-five claimants. The majority has, nevertheless, barred the appeal of one hundred forty-four of these one hundred eighty-five.

A review of the record reveals the following facts:

(1) The Unemployment Compensation Board of Review ("the board") ordered that one hundred seventy-six claimants' appeals be consolidated as a mass appeal[7];

(2) It appears that no one, including appellees, objected to the consolidation;

(3) The board's decision as to the appeal named each individual claimant (including each claimant's case number and social security number to whom it applied);

(4) The notice of appeal from the board's decision filed in the court of common pleas stated that it was an appeal from the decision of the board "entered on or about October 16, 1984 in the following case: In re claim of: Pierette I. McConnell, et al., Appeals Docket No. 609558-M-BR affirming the Administrator's intitial [sic] determinations in these matters entered on various dates from August 11, 1980 through September 10, 1980.";

(5) The notice of appeal was timely filed in behalf of forty-one claimants designated in the caption and "on behalf of themselves and all other[s] similarly situated."

The identity of all appellants is thus easily discernible from the notice of appeal and the decision of the board

mailed on or about October 16, 1984. This is all that is required by R.C. 4141.28(O), which states that "[a]ny interested party * * * may * * * appeal from the decision of the board to the court of common pleas * * *. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas * * *."

R.C. 4141.28(P) states that "any notice of intention to appeal the decision or order of the board to a court of common pleas may be executed *in behalf of any party* or *group of claimants by an agent.*" (Emphasis added.) Here, the named appellants executed the appeal in their own behalf and as *agents* of the claimants named in the board's decision. While it may be the better practice for an agent to clearly indicate in the notice the agent's authority to prosecute the appeal, the statute does not require this. By ruling that a statement of authority be required, the majority has added words not found in the statute and, in so doing, has exceeded the boundaries of our authority. See *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E. 2d 370.

The majority claims to have "liberally" construed the unemployment statutes in favor of the persons to be benefited as required by R.C. 4141.46. This "liberal construction" denies unemployment compensation benefits to claimants who are clearly entitled to receive them and concocts a jurisdictional requirement that cannot be found in the statute.

SWEENEY and DOUGLAS, JJ., concur in the foregoing opinion.

---

[7] In addition to the consolidated decision affecting one hundred seventy-six claimants (*i.e., McConnell et al.*) there were nine individual decisions.