OPINION
Plaintiff, Victor E. Lee, appeals from an order of the court of common pleas dismissing Lee's appeal to that court from an order of the Unemployment Compensation Review Commission for lack of jurisdiction.
Lee was discharged from employment by Defendant-Appellee, Harco Brake Systems, Inc. Lee applied for unemployment compensation. The Administrator of the Bureau of Unemployment Compensation denied Lee's application on a finding that Lee had been discharged for just cause. Lee sought several further reviews within the administrative process. Ultimately, the Unemployment Compensation Review Commission (the "Commission") disallowed Lee's application to institute further appeals, concluding the administrative process.
The Commission's decision was mailed to Lee on December 29, 1998. The decision contained the following notice:
APPEAL RIGHTS
 An appeal from this decision may be filed in a Court of Common Pleas within thirty (30) days from the date of mailing in the manner set forth in Section 4141.28(O), Revised Code of Ohio.
Lee filed a notice of appeal with the Commission on January 25, 1999. Lee also filed a notice of appeal with the Clerk of the court of common pleas on February 1, 1999.
The Administrator of the Ohio Bureau of Employment Services filed a motion to dismiss the action that Lee had commenced in the court of common pleas. The Administrator argued that the court lacked subject matter jurisdiction to determine the claim Lee presented because the action was not timely filed. The Administrator relied on R.C. 4141.28(O), which provides that such appeals must be commenced by the filing of a notice of appeal in the court to which an appeal is taken within thirty days after the decision involved is mailed, absent grounds specified in division (Q) of R.C. 4141.28 which extend the time allowed.
Lee responded to the Administrator's motion by arguing that a notice of appeal that he filed with the Commission itself on January 25, 1999, within thirty days after the Commission's decision was mailed to him, was sufficient to satisfy the relevant time requirements. The trial court did not address that contention expressly. However, it rejected Lee's contention implicitly by finding that the relevant time requirement for an appeal to the court of common pleas are those in R.C. 4141.28(O), and that the notice which Lee filed in that court on February 1, 1999, more than thirty days after the Commission's decision was mailed to Lee on December 29, 1998, was insufficient to satisfy them.
The court granted the Commission's motion to dismiss on the basis of that finding. Lee filed a timely notice of appeal to this court from the decision of the court of common pleas dismissing the action that he commenced in that court. Lee presents a single assignment of error, which states:
 R.C. 4141.28(O) IS IN CONFLICT WITH R.C. 2504, APP.R. 3(A) AND APP.R. 4(A).
Lee argues that the notice of appeal he filed with the Commission on January 25, 1999 was sufficient to invest jurisdiction in the court of common pleas to hear and determine his appeal. He contends that the other provisions he cites govern the method and timing of the notice necessary to create jurisdiction in the court. We do not agree.
Pursuant to Article IV, Section 4(B) of the Ohio Constitution, the jurisdiction of the courts of common pleas to review the proceedings of administrative officers and agencies is as provided by law. That requirement has been held to mean that it is governed by statute. Mattone v. Argentina (1931), 123 Ohio St. 393.
R.C. 2505.04 states that an appeal "is perfected when a written notice of appeal is filed . . ., in the case of an administrative-related appeal, with the administrative officer, agency, board, department, board, tribunal, commission, or other instrumentality involved." R.C. 119.12 states that a copy of the notice "shall also be filed by the appellant with the court" to which the appeal is taken. That section further provides: "Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided by this section."
R.C. 4141.28(O) provides that an interested party may take an appeal from a decision of the Commission to the court of common pleas "within thirty days after notice of the decision was mailed . . . (to) . . . all interested parties." This court has held that "[t]he appeal provision requiring filing within 30 days is mandatory and jurisdictional." Link v. Administrator, Ohio Bureauof Employment Services (January 26, 1988), Montgomery App. No. 10455, unreported, at p. 4. Filing the notice with the Commission instead is insufficient to confer subject-matter jurisdiction on the court. Nibert v. Ohio Dep't. Of Rehabilitation and Correction
(1998), 84 Ohio St.3d 100.
R.C. 4141.28(O) supersedes the requirements of R.C. 119.12
and R.C. 2505.04 when an appeal is taken from a decision of the Unemployment Compensation Review Commission, to the extent that those latter provisions are jurisdictional. Nevertheless, they operate to require a party who files a notice of appeal to a court to serve a copy on the Commission. Kirk v. Administrator (1984),19 Ohio App.3d 265.
Even were we to hold that the provisions of R.C. 119.12 and R.C. 2505.04 are jurisdictional with respect to Lee's appeal of the Commission's decision, two further problems exist. First, the requirement in R.C. 119.12 that a copy of the notice must also be served on the court within the fifteen days provided is jurisdictional, In re Namby (1995), 103 Ohio App.3d 322, and Lee failed to satisfy it. Second, Lee didn't file his notice with the Commission within the fifteen day period that R.C. 119.12
requires.
App.R. 3(A) and App.R. 4(A) have no application to the issue before us. App.R. 1(A) states: "These rules govern procedure in appeals to court of appeals from the trial courts of record in Ohio." The Commission is not a trial court of record.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J., and YOUNG, J., concur.