OPINION
Appellant, The City of Gahanna ("city"), appeals from judgments of the Franklin County Court of Common Pleas granting appellee's motion to dismiss the city's appeal for lack of standing.
In 1998, appellee, Academy Development Limited Partnership, along with Frank R. Petraziello and Skilken D.S. Ltd., filed applications for approval of: (1) a final development plan; (2) a certificate of appropriateness; (3) a subdivision without plat request; and (4) a conditional use. The applications were submitted for the purpose of constructing a "drive-thru" at a CVS Pharmacy, to be located at the corner of Hamilton and Beecher Roads, in Gahanna.
In May 1999, the Gahanna Planning Commission ("planning commission") denied the applications. Appellee subsequently filed an appeal from the planning commission's denial to the Gahanna Board of Zoning Appeals ("BZA"). On August 31, 1999, the BZA overturned the planning commission's decision and granted the applications. On September 20, 1999, the Gahanna City Council ("city council") passed Ordinance File No. 990455, for the stated purpose of permitting "the city of Gahanna to seek appellate review of determinations made by its board of zoning and building appeals pursuant to Ohio Revised Code 2506.01." On September 29, 1999, the city filed a notice of appeal with the trial court from the order of the BZA (common pleas case No. 99CVF09-8140).[1]
The Academy Ridge Community Association ("Academy Ridge"), a group that had appeared before the planning commission and BZA in opposition to the applications, also filed an appeal with the trial court from the order of the BZA (common pleas case No. 99CVF09-8098). On November 8, 1999, the city moved to consolidate its appeal with the appeal of Academy Ridge. Academy Ridge also filed a motion to consolidate with the trial court. On December 27, 1999, two judges of the trial court signed an entry of consolidation.
On November 10, 1999, appellee filed a motion to dismiss, asserting that the city lacked standing to appeal a final order of its own board of zoning appeals. On December 3, 1999, the city filed a memorandum contra appellee's motion to dismiss. By decision and entry filed November 29, 2000, the trial court granted appellee's motion to dismiss and affirmed the BZA's decision.
On appeal, the city sets forth the following two assignments of error for review:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN DISMISSING THE CITY OF GAHANNA'S APPEAL OF THE DECISION OF THE GAHANNA BOARD OF ZONING AND BUILDING APPEALS.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN ISSUING A DECISION ON THE MERITS OF THIS CASE AFTER DISMISSING THE APPEAL OF THE CITY OF GAHANNA.
Under its first assignment of error, the city asserts that the trial court erred in finding that the city lacked standing to appeal a decision of its BZA where the city council passed an authorizing ordinance after the date of the BZA decision. In the present case, the city relied upon the provisions of R.C. 2506.01 in filing its appeal with the trial court from the BZA's decision. In general, R.C. Chapter 2506 governs administrative appeals taken from a township board of zoning appeals, and the appeal is first addressed to the court of common pleas of that county. Grissinger v. Village of LaGrange Zoning Board (Mar. 14, 2001), Lorain App. No. 00CA007682, unreported.
R.C. 2506.01 states, in part, that:
 Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located[.] ***
At issue in this case is the propriety of the city council's enactment of Ordinance File No. 990455, passed subsequent to the BZA's decision overturning the planning commission's denial of appellee's applications. Ordinance File No. 990455 states, in relevant part:
 NOW, THEREFORE, BE IT ORDAINED BY THE COUNCIL OF THE CITY OF GAHANNA, STATE OF OHIO:
 Section 1. That pursuant to Ohio Supreme Court Case of the City of Willoughby Hills, Appellant, versus C. C. Bar's Sahara, Inc., Appellee, the City of Gahanna may appeal to the appropriate court any decision of the Board of Zoning and Building Appeals.
 Section 2. No appeal may be prosecuted under this section until such time as Council has given its approval therefor by floor motion.
 Section 3. This right of appeal shall also apply to actions already taken by the Board of Zoning and Building Appeals prior to the effective date of this ordinance.
 Section 4. That, for the reasons set forth in the preamble hereinabove, this ordinance is declared emergency legislation and shall be in full force and effect immediately upon passage by this Council and approval by the Mayor.
In passing the above ordinance, the city council cited the Ohio Supreme Court's decision in Willoughby Hills v. C. C. Bar's Sahara, Inc. (1992),64 Ohio St.3d 24, in which the Ohio Supreme Court held in the syllabus:
 Where a municipality's charter or its ordinances expressly allow the municipality to seek appellate review of deter-minations made by its board of zoning appeals, the municipality has standing pursuant to R.C. 2506.01 to "attack or avoid" such decisions in the common pleas court. ***
The trial court, in granting appellee's motion to dismiss, held that the ordinance at issue could not be retroactively applied because such an application would affect substantive rights of the appellee. Specifically, the trial court held in part:
 At first glance, this ordinance appears to be remedial, in response to Willoughby Hills. However, it affects the substantive rights of the developer who now has to defend the neighbors' appeal as well as the City's. Additionally, it creates a new right in Gahanna — to be able to appeal determinations of its own Zoning Board. [Emphasis sic.]
Section 28, Article II of the Ohio Constitution states in part that the "general assembly shall have no power to pass retroactive laws." The test for unconstitutional retroactivity requires the court to first determine whether the legislative body (or in the instant case the city council) expressly intended the law (or ordinance) to apply retroactively. Bielat v. Bielat (2000), 87 Ohio St.3d 350, 353. In the present case, the language of the ordinance, providing that "[t]his right of appeal shall also apply to actions already taken by the Board of Zoning and Building Appeals prior to the effective date of this ordinance," unequivocally expresses an intent that the ordinance operate retrospectively.
In the event that an express intent for retroactivity is found, "the second part of the test for unconstitutional retroactivity requires a determination as to whether the law is substantive or merely remedial." State ex rel. Kilbane v. Indus. Comm. (2001), 91 Ohio St.3d 258, 260. A retroactive statute or ordinance "is substantive — and therefore unconstitutionally retroactive — if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." Bielat, supra, at 354. (Emphasis in original.) In contrast, "[r]emedial laws are those that substitute a new or different remedy for the enforcement of an accrued right, as compared to the right itself, *** and generally come in the form of `rules of practice, courses of procedure, or methods of review.'" Kilbane, supra, at 260. A purely remedial law "does not violate Section 28, Article II of the Ohio Constitution, even when it is applied retroactively." Bielat, supra, at 354.
As noted above, the trial court held that the ordinance at issue could not be applied retroactively because it created a new right (i.e., the right of the city to appeal determinations of its own board of zoning appeals), and because it affected the "substantive rights of the developer who now has to defend the neighbors' appeal as well as the City's." Appellee argues that the ordinance cannot be given retroactive application because appellee had vested rights in the applications and because it would be fundamentally unfair for appellee to appear at a hearing before the BZA without knowing that the city was a potential adversary.
The city argues that it did not create a right of appeal for itself; rather, the city maintains that city council merely authorized the city to exercise an existing right of appeal previously granted by the General Assembly by virtue of the enactment of R.C. Chapter 2506. The city also contends that a litigant does not have a substantive right to limit the number of parties that may participate in an administrative appeal. The city maintains that any duty to defend on the part of the property owner was present whether or not the city appealed, inasmuch as Academy Ridge and various neighbors also appealed the BZA's decision. The city further notes that it participated at all levels of the proceedings before the commission and the BZA.[2]
Assuming, arguendo, that the action of the city in passing the ordinance at issue may be properly framed as creating a right of appeal, it does not necessarily follow that the retroactive application of such legislation is unconstitutional. See, e.g., Moore v. Ohio Bur. Of Emp. Services (1983), 12 Ohio App.3d 31, 33 ("[s]tatutes providing for appeals, for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature"). In State ex rel. Slaughter v. Indus. Comm. (1937), 132 Ohio St. 537, the Ohio Supreme Court held that a statute granting a right of appeal or review to a court of common pleas from an order of the Industrial Commission is remedial and may be given a retroactive operation. In Morgan v. Western Electric Co. (1982), 69 Ohio St.2d 278, 282, the Ohio Supreme Court cited various authorities for the proposition that "a remedial statute creating a right of appeal may be applied retroactively without violating Section 28, Article II."
In State ex rel. Michaels v. Morse (1956), 165 Ohio St. 599, a statute (R.C. 4123.519) that had previously granted the common pleas court jurisdiction to hear a claimant's appeal from the Industrial Commission was amended to provide that an administrator and employer could also now take an appeal. The relator in that case argued that the amended statute, which became effective subsequent to the filing of relator's claim, constituted retroactive legislation because it imposed upon a claimant new obligations, duties and disabilities by the addition of two new adverse parties in his appeal, i.e., the administrator and the employer. The court rejected the argument that a party has a vested right "in the forms of administering justice that precludes the Legislature from altering or modifying them." Id. at 605. The court noted that, "it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it, that is, there is no right in a particular remedy." Id. The court in Michaels, at 606, fn. 5, further held:
 *** Any retroactive remedial statute may result in imposing additional burdens upon a party without affecting his vested rights. The matter of joinder of parties relates to the remedy, does not affect any substantive rights of the parties, but merely relates to how, when and in what company such rights shall be determined. ***
In the instant case, there is no dispute that the trial court had jurisdiction to hear appeals from orders of the board under R.C. 2506.01
prior to the passage of the ordinance at issue. Further, Section 12.03 of the city's charter provides in part that the BZA's "authority shall be exercised subject to such reasonable standards as shall be prescribed by council, and such other powers as may be granted to it by council." Pursuant to the holding of Willoughby Hills, supra, if a municipality's charter or ordinances expressly allow the municipality to seek appellate review of determinations made by its board of zoning appeals, the municipality has standing, pursuant to R.C. 2506.01, to challenge such decisions in the common pleas court.
As previously noted, while Section 28, Article II has application to laws disturbing accrued substantive rights, "it has no application to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review." Michaels, supra at 605. In the instant case, while the city's enactment of the ordinance may have affected the method or procedure of review by the addition or joinder of a party (such party having participated in the prior hearings), the ordinance did not create new obligations with respect to substantive rights of the developer to obtain a permit. Rather, as noted in Michaels, supra at 606, fn. 5, the joinder of parties does not affect substantive rights but, instead, is remedial in nature as relating to "how, when and in what company such rights shall be determined." Appellee's contention that it had a vested right in the applications or in the right to develop its property would be persuasive if, at the time of enactment of the ordinance, no time remained within which an appeal could have been taken from the BZA's order. However, pursuant to R.C. 2505.07, the period of time within which an appeal must be perfected from an entry or final order of a board is thirty days, and in the present case the order of the BZA was rendered on August 31, 1999, and the city filed its notice of appeal with the trial court on September 29, 1999. Further, as previously noted, the city participated in the underlying hearings and appellee cannot assert that it was unaware of the city's position. Here, the practical effect of the ordinance was to give an interested party the opportunity to participate in review of whether the BZA's decision to grant the applications, under zoning laws as they stood at the time of the filing of the applications, was in accordance with law. Because the ordinance did not affect substantive rights of appellee, but, instead, was procedural and remedial in nature, we conclude that the trial court erred in finding that the ordinance could not be given retrospective application.
Accordingly, the city's first assignment of error is sustained.
Under its second assignment of error, the city contends that the trial court erred in issuing a decision on the merits after dismissing the city's appeal. As noted under the facts, in addition to the city's appeal of the BZA's decision, an appeal was also filed by Academy Ridge in case No. 99CVF09-8098. In its decision granting appellee's motion to dismiss the city's appeal, the trial court, after sustaining appellee's motion, went on to consider the merits of the BZA's decision. At the outset of the trial court's consideration of the merits, the court noted that the merits of the case had "not been briefed despite the fact that Appellant's merit brief was due on January 10, 2000." In the trial court's decision, at fn. 2, the court noted the following:
 While the Court is cognizant of the fact that there is a "motion to establish procedure and set briefing schedule" pending, the Court never vacated the January 10 due date and that case (8098) was ready for briefing as of that date despite the fact that there was a motion to dismiss Gahanna as an Appellant in the other case. (8140) The same dispute remains at issue in 99-8098.
The city maintains that the trial court's decision is unclear as to whether the court's discussion of the merits was intended to be applicable to the city's appeal or whether the ruling on the merits was limited to case No. 99CVF09-8098, involving the appeal by Academy Ridge. The city further notes that, while the motion to establish procedure and set briefing schedule referred to in the trial court's decision was pending in the city's case, the "January 10 due date" for the filing of the merit brief, cited by the trial court, was in reference to Academy Ridge's case. The city argues that it was not a party to case No. 99CVF09-8098, and that the trial court's decision on the merits is in error to the extent it applies to the city and its appeal in case No. 99CVF09-8140.
While the decision of the trial court may arguably be unclear as to whether it was intended to apply to both cases, we would agree with the city's contention that any determination on the merits by the court would not be applicable to the city's appeal. In its decision granting appellee's motion to dismiss the city, the trial court in effect held that the city lacked standing because retroactive application of the ordinance was precluded. The issue of standing is jurisdictional in nature. Buckeye Foods v. Cuyahoga Cty. Bd. of Revision (1997), 78 Ohio St.3d 459,460. See, also, Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision (1999), 86 Ohio St.3d 181, 183 ("[s]tanding is jurisdictional in administrative appeals"). Because standing is jurisdictional, the trial court's dismissal of the city's appeal precluded a ruling on the merits as to the city's action, and thus we agree with the city that this matter should be remanded to the trial court for a determination on the merits. Thus, the city's second assignment of error is sustained to the extent that the trial court's decision on the merits may have included the city's appeal.
Based upon the foregoing, the city's first assignment of error is sustained, the second assignment of error is sustained to the extent provided above, the judgments of the trial court are reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
PETREE and BROWN, JJ., concur.
[1] By an agreed order of dismissal, filed October 28, 1999, appellees Frank R. Petraziello and Skilken D.S. Ltd., were dismissed from the action.
[2] The trial court recognized the city's participation, noting in its decision that "the record is replete with the opposition of the City of Gahanna through its mayor and others who testified before the [BZA]."